UNITED STATES *v.* LOEB.

*(Circuit Court, S. D. New York. February 23, 1892.)*

INTERNAL REVENUE—CONSTITUTIONAL LAW—TRADE-MARKS.
   Rev. St. U. S. § 3449, making it an offense to ship spirituous or fermented liquors or wines under any other brand or name than that known to the trade as designating the kind or quality thereof, is not unconstitutional, within the principle of the *Trade-Mark Cases,* 100 U. S. 82, because it incidentally acts in some cases as a protection to trade-marks.

Petition for a Writ of *Habeas Corpus* to release Morris Loeb, held under commitment for violating the internal revenue laws.

*A. J. Dittenhoefer,* for petitioner.
*Maxwell Evarts,* for the United States.

LACOMBE, Circuit Judge. Under the authority conferred by the first clause of section 8 of article 1 of the constitution, to-wit, to "levy and collect taxes," and to "make all laws which shall be necessary and proper for carrying into execution that power," congress has levied a tariff upon foreign goods, and also taxes certain domestic products, under a comprehensive plan of internal revenue. The government of the United States collects duties upon spirituous and fermented liquors and wines, brought from abroad, and lays taxes upon such as are manufactured here, and also upon the business of manufacturing and dealing in them. It has elaborated in great detail a system by which it practically takes control of the manufacture of alcoholic spirits for the purpose of managing the collection of the revenue assessed therefrom, and exercises a surveillance over their manufacture and sale. The constitutionality, generally, of such legislation is not assailed. Without rehearsing the details of this system, it is apparent that it may be very desirable, perhaps necessary, to its success that all casks or packages containing distilled spirits shall be truthfully marked, such marking affording to the officers of the government a convenient means both of checking the returns of the manufacturing distiller and preventing the smuggling of untaxed products into the general market of the country. In the last paragraph of section 29 of the act of congress approved July 13, 1866, and entitled "An act to reduce internal taxation and to amend an act entitled ' An act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes,' approved June 30, 1864," (now section 3449, Rev. St. U. S.,) it is provided as follows:

"Whenever any person ships, transports, or removes any spirituous or fermented liquors or wines, under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same, or causes such act to be done, he shall forfeit said liquors or wines, and casks or packages, and be subject to pay a fine of five hundred dollars."

That the relator did ship, transport, and remove a package of spirituous liquor, to-wit, gin, under a name or brand "other than the proper name or brand known to the trade as designating the kind and quality of" the contents of the package, is conceded. He insists that he should be discharged, because, as he contends, this provision of statute is an attempt to legislate for the protection of trade-marks, and, as such, beyond the constitutional power of congress, citing the *Trade-Mark Cases,* 100 U. S. 82. I am unable to assent to this proposition. There is nothing in the section which restricts its operation as counsel for the relator suggests, or indicates that it was passed for any purpose other than to provide facilities for the enforcement of the internal revenue laws. The trade may be able to recognize the kind and quality of spirituous liquors by some "proper name or brand," and that name or brand still be no "trade-mark," in the sense in which the word was used in the statute which was criticised by the supreme court in the case cited.. The section seems to be well adapted to facilitate the administration of the internal revenue system. As a part of that system, it was within the power of congress to enact it, and it should not be held unconstitutional because, in some cases, the "name or brand," which must be placed upon the cask or package in order to truthfully describe the contents, happens to be a trade-mark, which might thus incidentally be protected. *State* v. *Bridge Co.*, 18 How. 421.