UNITED STATES v. STEGE et al.

(District Court, D. Indiana. June 10, 1898.)

No. 5,857.

INTOXICATING LIQUORS—SURREPTITIOUS SHIPMENT.
> One is not liable under Rev. St. U. S. § 3449, making it an offense to ship any liquors "under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the cases or packages containing the same," for shipping a keg of whisky on which the proper tax had been paid, and which had the proper brand affixed, packed inside of a sugar barrel which contained no brand at all.

This was an indictment against Julius H. Stege and others for shipping whisky inclosed in an unbranded barrel. The case was heard on a motion to quash the indictment.

Albert W. Wishard, U. S. Atty., and Jesse J. M. La Follette, Asst. U. S. Atty.

Frank B. Burke, for defendants.

BAKER, District Judge. The defendants are indicted for the violation of section 3449, Rev. St., which reads as follows:

> "Whenever any person ships, transports, or removes any spirituous or fermented liquors or wines under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the cases or packages containing the same, or causes such act to be done, he shall forfeit said liquors or wines and casks or packages, and be subject to pay a fine of five hundred dollars."

The indictment charges:

> "That on the 1st day of April, in the year of our Lord one thousand eight hundred and ninety-eight, the defendants unlawfully, knowingly, and feloniously did then and there agree and conspire together to violate section 3449, Rev. St. U. S., by then and there unlawfully, knowingly, and feloniously

---

[1] Note by the Court. See Tinsley v. Anderson, 171 U. S. 101, 18 Sup. Ct. 805.

shipping from Louisville, Kentucky, to Salem, Indiana, one keg of whisky, and by then and there packing said keg of whisky inside of a sugar barrel, covering the same, with sawdust, thereby wholly obscuring and concealing the brand upon said keg of whisky, and concealing the fact that it was whisky being shipped, but causing it to then and there appear that said shipment was one barrel of sugar, the same being then and there so packed, concealed, and shipped for the purpose of deceiving the citizens of Salem, Indiana, and having it appear to them as one barrel of sugar, contrary to the form of the statute," etc.

The defendants have interposed a motion to quash on the ground that the indictment does not state facts constituting an offense under the foregoing section of the statute.

This statute is highly penal, and must be strictly construed. It must be made to appear by the allegations of the indictment that the acts charged constitute an offense falling within the language of the statute. Counsel for the government contend that it is the declared policy of the statute to require all spirituous and fermented liquors on which the proper tax has been paid, contained in any cask or package upon which the proper name and brand have been affixed, to be shipped in such manner that the name and brand known to the trade as designating the kind and quality of the contents of such cask or package shall at all times be unobscured and plainly visible. In support of this contention, the attention of the court is called to the ruling of the acting commissioner of internal revenue of September 30, 1874 (20 Int. Rev. Rec. 109), and also to his ruling of September 2, 1884 (30 Int. Rev. Rec. 278), in which he cites the opinion of Attorney General Taft reported in 22 Int. Rev. Rec. 261. On September 30, 1874, the acting commissioner ruled that the marks, brands, and stamps required by law and regulations to be applied to casks of distilled spirits are designed to bear open witness of the legality of the merchandise in question, and they must not be obscured or covered by encasing the vessel containing the liquor in another, but must at all times be in such condition as to admit of the examination of the marks, brands, and stamps by the revenue officers. On September 2, 1884, he reaffirmed this ruling. Attorney General Taft held that the shipment of spirits under a false designation was an offense under section 3449. He further argued, in substance, that this section prescribes how lawfully distilled, stamped, marked, and branded spirits may be shipped; namely, that they may be shipped under their proper names and brands, and, in order that a shipment shall be under their proper names and brands, such names and brands must be visible. This latter statement was not essential to his decision. It must be taken as true that the keg of whisky mentioned in the indictment had paid the proper tax, and had the proper name, brand, and stamp affixed upon it, because the contrary is not charged. The gravamen of the alleged offense consists solely in placing for shipment, and shipping, a keg of whisky upon which the tax had been paid, and upon which the proper name, brand, and stamp had been affixed, in a sugar barrel, by which means the name, brand, and stamp on the keg of whisky were concealed, with intent to deceive the citizens of Salem, Ind. The charge that the act was done with the intent to deceive the citizens of Salem is

immaterial. The court knows of no statute which makes such an intent criminal. Hence the sufficiency of the indictment hinges upon the question whether the shipment of a keg of whisky on which the tax had been paid, and upon which the proper name, brand, and stamp are affixed, inside another inclosure which obscures such name, brand, and stamp, is made criminal by the statute.

The keg of whisky was a lawful subject of commerce. The government had no further claim upon or interest in it. It was lawfully shipped unless the method of inclosure rendered its shipment unlawful. It had no false name, brand, or designation either upon the keg of whisky, or on the barrel containing it. Hence the question before the court does not fall within the case decided by Attorney General Taft. The case decided by him was that a shipment of spirits under a false designation was a violation of the statute. Such would clearly be the case because the statute in express terms forbids the shipment under a false name or brand. All else said by the learned attorney general was unnecessary to the decision of the question before him: Does the statute, properly construed, make criminal the shipment in question? It is quite clear that the statute does not in express terms declare that the inclosure of a properly stamped and branded cask or package of spirits inside another receptacle, which obscures the name and brand, shall be unlawful. Such construction can only be deduced from the language employed by highly artificial reasoning. It does not seem to the court that such a construction is warranted by the language of the statute. The prohibited shipment must not be made "under any other than the proper name or brand known to the trade," etc. This language evidently means "under any other name or brand than the proper name or brand known to the trade," etc. Its manifest purpose was to prevent the use of a false name or brand in making such shipment. But can it be said that, where the inclosing receptacle has no name or brand, it has another name or brand than the proper one? The having no name or brand is not the same thing as having a false name or brand. If it had been the intention of congress to make penal all shipments of spirits unless the receptacle containing the cask or package was visibly branded or stamped so as to designate the kind and quality of its contents, it is to be presumed that congress would have said so in plain and explicit terms. Had congress provided that it should be unlawful for any person to ship spirits without the name or brand known to the trade being visibly branded or stamped upon the inclosure containing the properly stamped and branded cask or package, there could have been no doubt as to its meaning. The court is of opinion that the statute does not make penal the acts set out in the indictment. If any governmental policy requires that such shipments should not be permitted except in casks or packages having the name or brand of their contents plainly stamped and unobscured, such policy ought to be disclosed in clear and unambiguous terms. The statute fails to do this. Whether the failure arises from oversight or design is immaterial. In my opinion, the statute does not make it an offense to ship goods which are lawful subjects of commerce, simply because they are

shipped in an unmarked or unbranded box or barrel, if the contents inclosed therein have paid the proper tax, and the proper name or brand known to the trade as designating the kind and quality of the contents is affixed upon the cask or package within such box or barrel. The motion to quash will be sustained.