## UNITED STATES v. CAMPE et al.

### (District Court, N. D. California. October 29, 1898.)

### No. 1,578.

1. INTERNAL REVENUE—REGULATIONS—REMOVAL OF LIQUORS UNDER FALSE BRANDS.

   Under Rev. St. § 3449, which provides that "whenever any person ships, transports, or removes any spirituous or fermented liquors or wines under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same," he shall forfeit the liquors, and be subject to a fine, a complaint charging the defendant with the removal of liquors marked by the name under which the product of a particular manufacturer is known to the trade, when the liquor was not such product, states a cause of action. The purpose of the statute is to aid in preventing frauds on the revenue by requiring all packages shipped to be truthfully marked; and the fact that its enforcement may incidentally prevent frauds against a manufacturer or the public does not affect its validity or construction.

2. SAME—CONSTRUCTION OF STATUTE.

   The requirement of the statute cannot be limited to distillers, manufacturers, and rectifiers, as its language covers all persons who ship, transport, or remove liquors or wines.

This is a proceeding by the United States against Henry Campe & Co. to recover a fine for a violation of the internal revenue law. Heard on demurrer to the complaint.

Dinkelspiel & Gesford, for defendants.
Samuel Knight, amicus curiæ.

HAWLEY, District Judge. This is a proceeding under the provisions of section 3449, Rev. St., to collect a fine of $500, provided by

law for a violation of the act. The averment in the complaint is that defendants "willfully and unlawfully, and contrary to the provisions of section 3449, U. S. Rev. St., shipped, and caused to be shipped, transported, and removed, at and from their place of business, Nos. 221–225 Front street, to the premises Nos. 107–109 Front street, both in said city and county of San Francisco, with intent to have the merchandise hereinafter mentioned further transported to the city of Stockton, within said state and district, one case or package containing twelve quarts, in bottles, of spirituous liquors, under the following name and designation, with other marks, appearing on the outside of the said case or package." After giving the designation and marks, the complaint continues: "Which said name or designation was then and there other than, and not, the true and proper name or brand known to the trade as designating the kind and quality of the contents of said case or package, which did not then and there contain the genuine Hennessy One Star Cognac, as the same was and is known to the trade." To this complaint the defendants have interposed a demurrer upon the ground that it does not state facts sufficient to constitute a cause of action.

The statute reads as follows:

"Whenever any person ships, transports, or removes any spirituous or fermented liquors or wines, under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same, or causes such act to be done, he shall forfeit said liquors or wines, and casks or packages, and be subject to pay a fine of five hundred dollars."

In support of the demurrer, defendants rely upon the principles announced by Judge Priest in U. S. v. 132 Packages of Spirituous Liquors, 65 Fed. 980, which sustains their views. But in that case a demurrer to the complaint was overruled by Judge Thayer. The views expressed by him as to the object, intent, and purpose of the statute sustain the position contended for by the plaintiffs herein,— that the officers of the revenue would be aided, to some extent, in the discharge of their duties, if dealers, in the manufacture or sale of spirituous and fermented liquors, were required to brand all casks and packages containing spirituous liquors "which they shipped or removed from one place to another with the true name by which they were known to the trade," and that it was immaterial that the statute as framed also had a tendency to protect trade-marks and prevent private frauds; citing in support of these views, U. S. v. Loeb, 49 Fed. 636; Opinion of Attorney General, 22 Int. Rev. Rec. 261; Commissioners' Decision, 30 Int. Rev. Rec. 278. Thereafter the case was tried, upon an agreed statement of facts, before Judge Priest, and he held that a compounder or rectifier of liquors, who labels his products as those of a well-known distiller and rectifier, and attempts to place them on the market under such brands, removing them for that purpose from his warehouse to another place, does not thereby subject his liquors to forfeiture or himself to fine, under the provisions of section 3449. An appeal was taken to the circuit court of appeals, and it was there held that section 3449 is not a trade-mark regulation, but is for the prevention and detection of fraud on the revenue, and that

its validity is not in any manner affected by the fact that it inci-
dentally tends to the discovery or suppression of private frauds.
Among other things, the court said:

"Unquestionably, an observance of the requirement that packages of liquor
shall be shipped or removed only under names indicating truthfully their
contents, will aid the revenue officers to trace and identify such packages,
and thereby verify the truth or falsity of the books and records of the dis-
tiller or rectifier. There are doubtless other ways familiar to the revenue
officers in which the requirement of section 3449 tends to the detection and
suppression of frauds on the revenue."

At the close of the opinion the court said:

"We have set out in the statement the opinion of Judge Thayer on over-
ruling the demurrer to the information. We fully agree with the reasoning
and conclusion of that opinion. The judgment of the district court is re-
versed, and the cause remanded, with instructions to grant a new trial." 22
C. C. A. 231, 76 Fed. 367.

As that action was against a distilling company, the court had no
occasion to pass directly upon the point whether or not the act in
question was intended to apply to any other persons than distillers,
manufacturers, or rectifiers of liquors; and defendants argue that it
must be limited to such persons. The statute does not, in terms,
make any such limitation. The language of the court in the case
cited is broad enough to include any person "who ships, transports, or
removes any spirituous or fermented liquors" from one place to an-
other in violation of the provisions of the statute. The demurrer is
overruled.