GRADY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 20, 1899.)

No. 1,227.

POSTMASTERS—CONDITIONS OF BOND—MONEY-ORDER FUNDS.

The fact that a postmaster's bond does not contain the additional condition required by Rev. St. § 3834, relating to money-order business, does not relieve him or his sureties from liability for money-order funds misappropriated by him. Such additional condition is cumulative, and the money-order business is a trust imposed on the postmaster by a "regulation of the department," within both the spirit and letter of the general condition, which is for the faithful discharge of all such duties and trusts.

In Error to the United States Court of Appeals in the Indian Territory.

William F. Weeks, one of the plaintiffs in error, executed to the United States his bond as postmaster at Hartshorne, Ind. T., with John M. Grady and James F. Freeney, the other plaintiffs in error, as his sureties. The condition of the bond was as follows: "Now, the conditions of this obligation are such that, if the said William F. Weeks shall faithfully discharge all the duties and trusts imposed on him, either by law or the rules and regulations of the post-office department of the United States, then the above obligation shall be void; otherwise, of force." Weeks, as postmaster, received moneys which he refused to pay over or account for. Thereupon this action was brought on his bond against him and his sureties to recover the same. The defense set up in the answer was that the money embezzled by the postmaster was money-order funds, and that the bond which the defendants executed did not cover or include money-order funds, but only other postal funds. The lower court sustained a demurrer to the answer, and, the defendants declining to plead further, final judgment was rendered against them in favor of the United States on the bond, from which judgment the defendants appealed to the United States court of appeals in the Indian Territory. That court affirmed the judgment of the lower court, and thereupon the defendants sued out this writ of error.

Charles B. Stuart, Yancey Lewis, and J. H. Gordon, for plaintiffs in error.

Edward A. Rozier, U. S. Atty.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Section 3834 of the Revised Statutes of the United States provides:

"Every postmaster, before entering upon the duties of his office, shall give bond, with good and approved security, and in such penalty as the postmaster-general shall deem sufficient, conditioned for the faithful discharge of all duties and trusts imposed on him either by law or the rules and regulations of the department; and where an office is designated as a money-order office, the bond of the postmaster shall contain an additional condition for the faithful performance of all duties and obligations in connection with the money-order business."

The contention of the plaintiffs in error is that, as the bond does not contain the condition "for the faithful performance of all duties and obligations in connection with the money-order business," as required by section 3834, the sureties cannot be held liable for any misappropriation of money-order funds. The contention is not sound. The duty to account for the money-order funds is included in the general condition of the bond to "faithfully discharge all the duties and trusts imposed on him either by law or the rules and regulations of the post-office department." The requirement of the statute that, where an office is designated as a money-order office, the bond shall contain an additional condition for the faithful performance of all duties and obligations in connection with the money-order business, is merely cumulative, and a repetition, in legal effect, of the general condition of the bond. A postmaster who embezzles money-order funds which come into his hands in the regular course of business as postmaster does not "faithfully discharge all the duties and trusts imposed on him" as postmaster, and is guilty of a breach of that condition of his bond. In Mayor, etc., v. Goldman, 125 N. Y. 398, 26 N. E. 456, the statute required the conditions of the bond to be "for the faithful performance of the duties of his office, and the payment over of all taxes collected by him." The latter condition, to pay "over all the taxes collected by him," was omitted from the bond, but the court held "that the specific duty is included in the general duty, and the double condition is merely cumulative," and enforced the bond against a surety. While the supreme court in Farrar v. U. S., 5 Pet. 373, 8 L. Ed. 159, declined to express an opinion upon this precise question, the court did say: "The court feel no difficulty in maintaining that, where the conditions are cumulative, the omission of one condition cannot invalidate the bond so far as the other operates to bind the party." Moreover, the condition of the bond in this case is that the postmaster "shall faithfully discharge all the duties and trusts imposed on him either by law or the rules and regulations of the post-office department of the United States." Under the rules and regulations of the post-office department, one of the duties of a postmaster whose office has been designated as a money-order office is to pay over to the United States all moneys received for money orders. Postal regulations are promulgated by the postmaster general under authority of an act of congress, and have the force of law, of which the courts must take judicial notice. Caha v. U. S., 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415; Kirby v. Lewis (C. C.) 39 Fed. 66; In re Kollock, 165 U. S. 533, 17 Sup. Ct. 444, 41 L. Ed. 813; U. S. v. Eaton,

144 U. S. 688, 12 Sup. Ct. 764, 36 L. Ed. 591; Wilkins v. U. S. (C. C. A.) 96 Fed. 837. Section 1402 of the postal laws and regulations provides:

"The money-order accounts must be kept separately from all other accounts and must be adjusted at the close of each day's business in order that the balance of money-order funds on hand may be accurately ascertained. Sums of money-order funds of $50.00 or more, in excess of the amount of the unpaid advices on hand less than two weeks at a money-order office, must be remitted daily to the designated money-order·post office of the first class, where the postmaster shall have been instructed to make his deposits."

As the bond specially provides that the principal shall comply with all the duties and trusts imposed on him either by law or the rules and regulations of the post-office department, the liability of the sureties is not only within the spirit, but the letter, of the bond. In any event, as said by this court in Carnegie, Phipps & Co. v. Hulbert, 36 U. S. App. 81, 16 C. C. A. 498, 70 Fed. 209:

"It is well settled that a bond given in pursuance of some requirement of law may be valid.and binding on the parties, although not made with the formalities or executed in the mode provided by the statute under which it purports to have been given. This rule rests on the principle that, although the instrument may not conform to the special provision of the statute or regulations with reference to which the parties executed it, nevertheless it is a contract voluntarily entered into upon a sufficient consideration. for a purpose not contrary to law, and therefore it is obligatory upon the parties to it in like manner as any other contract or agreement is held valid at common law. Bank v. Smith, 5 Allen, 415; U. S. v. Bradley, 10 Pet. 357, 9 L. Ed. 448; U. S. v. Linn, 15 Pet. 311, 10 L. Ed. 742; U. S. v. Hodson, 10 Wall. 395, 19 L. Ed. 937; Sheppard v. Collins, 12 Iowa, 570. The bond in suit possesses all the requisites of a good common-law bond. It was voluntarily given upon a sufficient consideration for a lawful purpose, and is as obligatory on the makers as if it had conformed technically with the requirements of the act."

The judgments of the United States court of appeals in the Indian Territory and of the United States court for the Central district of the Indian Territory are affirmed.