UNITED STATES v. TWENTY BOXES OF CORN WHISKY et al.

(Circuit Court of Appeals, Fourth Circuit. November 15, 1904.)

No. 502.

1. INTOXICATING LIQUORS—SHIPMENT—DESIGNATION OF PARTIES.

The words, "Glass; this side up, with care," written on a box containing bottles of whisky, are a mere caution to the carrier, and not a false designation of the contents of the box, within the meaning of Rev. St. § 3449 [U. S. Comp. St. 1901, p. 2277], subjecting to a penalty any person who ships liquors under any other than the proper name or brand.

2. SAME.

Rev. St. § 3449 [U. S. Comp. St. 1901, p. 2277], subjecting to a penalty any person shipping liquors under any other than the proper name or brand, merely applies to their shipment under a false brand or designation, and not to their shipment without any name or brand being placed thereon.

3. SAME—STATUTES—CONSTRUCTION.

Rev. St. § 3449 [U. S. Comp. St. 1901, p. 2277], providing that any person shipping liquors under any other than the proper name or brand shall forfeit the liquors, and be subject to pay a fine of $500, is highly penal in character, and should be strictly construed.

4. SAME.

Rev. St. § 3449 [U. S. Comp. St. 1901, p. 2277], subjecting to a penalty any person shipping liquors under any other than the proper name or brand, applies only to shipments by distillers, brewers, manufacturers of wine, rectifiers, and wholesale dealers in spirits or fermented liquors or wines, and not to all persons generally.

In Error to the District Court of the United States for the Western District of Virginia, at Danville.

For opinion below, see 123 Fed. 135.

John C. Blair, Asst. U. S. Atty.

R. B. Glenn, for defendants in error.

Before GOFF, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

GOFF, Circuit Judge. An information was filed in the court below against 60 gallons of corn whisky, packed in 20 boxes, each box containing 12 quart bottles thereof. N. Glenn Williams intervened as the owner. Each box was 12½ inches wide by 16½ inches long. There were no marks on any of the boxes except that on the top of each one was written: "Glass; this side up, with care." To each box there was a tag attached, on which was written, "O," "Savannah, Georgia."

There was an agreed statement of facts, and the case was submitted on demurrer. The demurrer was sustained and the information dismissed. The United States sued out this writ of error; the substance of the assignments of error being that, under the provisions of section 3449 of the Revised Statutes [U. S. Comp. St. 1901, p. 2277], it was necessary to have had printed upon said boxes the correct name of the contents thereof, and that, this not having been done, the same were forfeited to the United States, and that therefore the court below erred in not so deciding.

Section 3449, under which the information was drawn, reads as follows:

"Whenever any person ships, transports, or removes any spirituous or fermented liquors or wines, under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same, or causes such act to be done, he shall forfeit said liquors or wines, and casks or packages, and be subject to pay a fine of five hundred dollars."

The contention of the United States is, in substance, that said section 3449 requires, under penalty of forfeiture, the shipper of spirituous or fermented liquors or wines to place upon the casks or packages in which they are shipped the true and correct name of the contents, stating its kind and quality, and that, as there were no such marks or brands upon the packages described in the information, the same were liable to be forfeited to the United States, and further that said section prohibits placing upon such boxes and casks any false or improper name or brand; and that the words "Glass; this side up, with care," was a false and improper name or brand, in violation of said section.

In order to sustain this contention, it will be necessary for us to construe the statute as applying not only to distillers, brewers, manufacturers of wine, rectifiers, and wholesale dealers, but also to all other persons, whether they be employed in the various avocations above mentioned or not, and, in addition thereto, to further find that said marks upon the boxes were intended to be a designation of the contents of the same, and that' as such, they were false and misleading.

We do not think the words, "Glass; this side up, with care," were intended as a designation of the contents of the packages, or that they had any relation to the quality or quantity of the same, but were, as the court below held, intended as a caution to the carrier, in order that he might have notice of the necessity existing for their careful handling. That being so, it follows that said packages were shipped without any name or brand being placed thereon.

Is it required, under the provisions of the statute mentioned, that the name and brand should be placed upon packages shipped under the circumstances of those mentioned in the information? The section quoted does not in words say so, and we are of opinion that it should not be implied. We think said section was intended to apply to the shipping of such wines and liquors under some name other than the proper name or brand—in other words, that it was intended to prevent the removal of such liquors under a false brand or designation. If it had been the intention of the lawmaking power to forbid the shipment of wines and spirits so packed unless the boxes were marked so as to show the true kind and the correct name of their contents, the statute would, we think, have been so written. We do not find it proper to read into it other words greatly enlarging its meaning. It is highly penal in character, and should be construed strictly. For opinion of court below, see 123 Fed. 135. Also see U. S. v. Stege et al. (D. C.) 87 Fed. 553.

Reaching the conclusion which we do—that the packages were shipped without any name or brand thereon, and that they were not shipped under a false designation—it becomes unnecessary for us to

further consider the assignments of error. The information is drawn upon the theory that the statute applies to all persons, and not simply to distillers, brewers, manufacturers of wine, rectifiers, and wholesale dealers in spirits or fermented liquors or wines. It contains no allegation as to the occupation of the person who shipped the liquor; that being immaterial, under the construction given the statute by the plaintiff in error. In that construction we are unable to concur.

We find no error in the judgment complained of, and the same will be affirmed.