## UNITED STATES v. SANDEFUHR.

(District Court, E. D. Arkansas, W. D. April 27, 1906.)

No. 2,699.

1. INTERNAL REVENUE—SHIPMENT OF LIQUOR—MARKING AND BRANDING.

Section 3449. Rev. St. [U. S. Comp. St. 1901, p. 2277], applies solely to shipments of liquors under other than the proper name or brand known to the trade, as designating the kind and quality of the liquor, and not to a shipment concealing the name or brands required by the regulations of the Internal Department to be put upon all vessels containing liquors.

2. INDICTMENT—DEMURRER.

The mere fact that the district attorney makes an indictment as drawn under a certain act of Congress is not sufficient to sustain a demurrer to the indictment, if there is any other statute in force making the acts charged in the indictment an offense.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Indictment and Information, §§ 284, 489.]

3. CRIMINAL LAW—CREATION OF OFFENSE.
      While Congress may make the violation of a regulation of a head of
   a department made by its authority, a penal offense, it must be done by
   a specific act, as penal statutes cannot be made to rest upon presumptions.

(Syllabus by the Court.)

William G. Whipple, U. S. Atty.
Morris M. Cohn, for defendant.

TRIEBER, District Judge.   The indictment charges the defendant with having knowingly and unlawfully shipped a keg containing 15 gallons of spirituous liquors, the brands and marks thereon not being visible, the same being packed in a barrel, which barrel was not marked and branded as the law requires.   On the margin of the indictment the district attorney indorsed, "Section 3449, Revised Statutes" [U. S. Comp. St. 1901, p. 2277], to indicate the statute under which the defendant was indicted.   This section provides:

   "Whenever any person ships, transports, or removes any spirituous or fermented liquors or wines, under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same, or causes such act to be done, he shall forfeit said liquors or wines, and casks or packages, and be subject to pay a fine of five hundred dollars."

The government relies upon rulings of the Commissioner of Internal Revenue, reported in 20 Internal Revenue Record, 109, and 30 Internal Revenue Report, 278, in which it was held that the marks, brands, and stamps required by law and regulations to be applied to casks or distilled spirits must not be obscured or covered by encasing the vessel containing the liquor in another, but must at all times be in such condition as to admit of the examination of the marks, brands, and stamps by the revenue officers, and a failure to comply with these requirements, he held, was a violation of this section of the statutes. Judge Caldwell, in delivering the opinion of the United States Circuit Court of Appeals for this (the Eighth) circuit, in United States v. 132 Packages of Spirituous Liquors, etc., 76 Fed. 364, 22 C. C. A. 228, construed this statute to prohibit the placing of false brands or names on any liquors, whether placed in barrels, casks, or bottles.   In the course of his opinion he says:

   "There is no connection or relation between the marking and branding required in other sections of the law and the requirement of section 3449, that packages shall not be shipped or removed under any other than the proper name or brand known to the trade, as designating the kind and quality of the contents of the package.   The name or brand here referred to is not placed on the package by any officer of the government, or under his direction.   It is an official name or brand.   It is placed there by the distiller or rectifier, who, to prevent frauds on the revenue and facilitate their discovery, is required to make the name or brand under which he removes the package speak the truth."

In this indictment there is no allegation that the liquors were shipped under any false name or brand known to the trade as designating the kind and quality of the contents of the packages.   On the contrary, the indictment negatives this fact, as it alleges that "the barrel in which the keg was packed had no marks or brands whatever other than the address."

While the object of the statute is to aid in the collection of the revenue, as stated by Judge Caldwell, it was to be accomplished, so far as this section sought to do so, by preventing misrepresentations as to the kind and quality of the contents of the package. The quality of the liquor may, in many instances, show the proof thereof by which the tax due thereon is determined. There is nothing in the statute which makes the failure to put any visible marks or brands on the package containing the liquor an offense. In United States v. Stege (D. C.) 87 Fed. 553, the identical question was before the court. In that case, as in this, a keg of whisky had been packed inside of a sugar barrel which contained no brands, and it was held that this did not constitute a violation of section 3449. Whether the statute applies only to distillers, rectifiers, and wholesale dealers, as held in United States v. 20 Boxes of Corn Liquor (D. C.) 123 Fed. 135, affirmed in 133 Fed. 910, 67 C. C. A. 214, or applies to all persons shipping liquor, as decided in United States v. Campe (D. C.) 89 Fed. 697, it is unnecessary to determine in this case, as in the opinion of the court the facts charged in the indictment do not constitute a violation of this section.

But the mere fact that the district attorney marked the indictment as having been drawn under section 3449 would not be sufficient to sustain the demurrer if there is any other statute in force making the acts charged in the indictment an offense. Williams v. United States, 168 U. S. 382, 389, 18 Sup. Ct. 92, 94, 42 L. Ed. 509, Mr. Justice Harlan, in delivering the opinion of the court, said on that question:

"It is wholly immaterial what statute was in the mind of the district attorney when he drew the indictment, if the charges made are embraced by some statute in force. The indorsement on the margin of the indictment constitutes no part of the indictment, and does not add to or weaken the legal force of its averments. We must look to the indictment itself, and if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute. * * * The court, therefore, while erroneously adjudging that the prosecutions were embraced by section 3169, Revised Statutes [U. S. Comp. St. 1901, p. 2059] and the act of February 8, 1875 (18 Stat. 307), did not err in overruling the demurrer to the first count of the respective indictments."

The only provision bearing on this subject to which the attention of the court has been called is a regulation made by the Commissioner of Internal Revenue, approved by the Secretary of the Treasury under the powers granted by an act of Congress. That provides:

"The stamps, marks and brands required by law and regulations to be applied to casks and packages of distilled spirits are designed to bear witness to the legality of the spirits which they cover, and they must not be obscured in any manner or covered by encasing the vessel bearing the same in another, but must at all times be in such condition as to admit of ready examination by the revenue officers." Regulations Concerning the Tax on Distilled Spirits (April 15, 1901, Ed.), p. 127.

If Congress has made the violation of this regulation a criminal offense, the indictment could be sustained. This has been the uniform ruling of the courts. United States v. Bailey, 9 Pet. 238, 9 L. Ed. 113; United States v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed.

591; Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415. In re Kollock, 165 U. S. 526, 17 Sup. Ct. 444, 41 L. Ed. 813; Cosmos v. Gray Eagle Oil Co., 190 U. S. 301, 23 Sup. Ct. 692, 24 Sup. Ct. 860, 47 L. Ed. 1064; Grady v. United States, 98 Fed. 239, 39 C. C. A. 42; Van Lear v. Eisele (C. C.) 126 Fed. 823. But neither the learned district attorney nor the court has been able to find any statute making the violation of this regulation a criminal offense. ⋅ Penal statutes cannot be made to rest upon presumptions.

As the indictment fails to charge any violation of a statute enacted by Congress or regulation of the head of a department the violation of which is made punishable by any act of Congress, the demurrer must be sustained.