VEDIN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1919. Rehearing Denied
June 2, 1919.)

No. 3211.

1. CONSTITUTIONAL LAW ⊚⇒46(3)—INDICTMENT AND INFORMATION ⊚⇒108—
   STATUTES—VALIDITY—NECESSITY OF DETERMINATION.
   The statute on which an indictment is found is determinable as a mat-
   ter of law from the facts charged although the statute is not mentioned
   and indictment is brought under another statute, and where the facts al-
   leged in the indictment charging the making of false affidavits as to an-
   nual assessment work on a placer claim brought the case within Comp.
   Laws Alaska 1913, § 162, it was immaterial whether Sess. Laws Alaska
   1915, c. 10, violation of which was charged, was constitutional.

2. INDICTMENT AND INFORMATION ⊚⇒121(2), 132(1)—ELECTION—BILL OF PAR-
   TICULARS.
   While the defendant in a criminal action is entitled to know the
   statute under which he is being prosecuted, yet where the indictment
   specifically named the statute, and the record did not show that the prose-
   cution relied on any other, although the facts alleged brought the case
   within another statute, a motion to elect was properly denied; the proper
   procedure being to apply for a bill of particulars.

3. PERJURY ⊚⇒36—OFFENSES—INSTRUCTED VERDICT.
   In a prosecution for making false affidavits as to annual assessment
   work on a placer claim in violation of the Alaska law, held that, while
   the evidence for the prosecution, standing alone, would be insufficient to
   sustain a conviction, yet, in connection with discrepancies of defendant's
   own testimony, denial of his motion for instructed verdict was proper.

4. CRIMINAL LAW ⊚⇒1056(1)—APPEAL—EXCEPTIONS TO INSTRUCTIONS—NECES-
   SITY.
   Where no exceptions were taken to the instructions, the appellate court
   cannot consider assignments of error based on portions of an instruction.

In Error to the District Court of the United States for the Fourth
Judicial Division of the District of Alaska; Charles E. Bunnell, Judge.

G. A. Vedin was convicted of making false affidavits of annual as-
sessment work upon several association placer claims, and he brings
error. Affirmed.

Leroy Tozier, of Fairbanks, Alaska (De Journel & De Journel, of
San Francisco, Cal., of counsel), for plaintiff in error.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal., and R.
F. Roth, U. S. Atty., and Harry E. Pratt, Asst. U. S. Atty., both of
Fairbanks, Alaska.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted on
three counts of an indictment which charged him with making three
several false affidavits of annual assessment work upon three several
association placer mining claims for the year 1916. The indictment
in each count charged violation of chapter 10 of the Session Laws of
Alaska of the year 1915. A demurrer was interposed to the indictment

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on the ground that the Session Laws so referred to are unconstitutional and void. The demurrer was overruled. The plaintiff in error, before the introduction of any evidence, demanded that the prosecution elect, and inform him, under what law it was prosecuting the defendant in the trial of the case, which motion was renewed at the close of the government's case. The motions were denied. These rulings are assigned as error.

[1] We need not inquire into the question of the constitutionality of the Session Laws of 1915, for the facts charged in the indictment were sufficient to constitute an offense under section 162 of the Compiled Laws of Alaska of 1913, for the statute on which an indictment is found is determinable, as a matter of law, from the facts charged, and they may bring the offense charged within an existing statute, although the same is not mentioned, and the indictment is brought under another statute. Williams v. United States, 168 U. S. 382, 18 Sup. Ct. 92, 42 L. Ed. 509; United States v. Nixon, 235 U. S. 231, 35 Sup. Ct. 49, 59 L. Ed. 207; Wechsler v. United States, 158 Fed. 579, 86 C. C. A. 37; United States v. Sandefuhr (D. C.) 145 Fed. 49; United States v. Wood (D. C.) 168 Fed. 438; Ex parte King (D. C.) 200 Fed. 622; Commonwealth v. Peto, 136 Mass. 155.

[2] Nor do we find error in the denial of the motions to elect. Undoubtedly the defendant in a criminal action is entitled to know the statute under which he is being prosecuted. In this case the indictment specifically named a statute. The record does not advise us that the prosecution at any time relied on any other statute. The question that comes to us is whether or not the rights of the plaintiff in error have been prejudiced by a ruling of the court below. It is clear that it could make no difference to his rights whether he were prosecuted under the one or the other of the laws which make punishable the acts which are charged in the indictment. The record does not show that there was any uncertainty as to the law which the prosecution relied upon; but, if there were, the remedy was not by demanding election, but by applying for a bill of particulars. Morris v. United States, 161 Fed. 672, 681, 88 C. C. A. 532.

[3] The plaintiff in error relies upon his motion, made at the close of the testimony, for an instructed verdict of not guilty, and now contends that there was no evidence to sustain the verdict. The association placer claims were 160 acres each. They were located in a rough and brushy country. The affidavits stated that the work was done by drilling holes on one claim about 100 feet from the northern boundary and about 700 feet from the western boundary; on another claim about 300 feet from the northern boundary and about 200 feet from the eastern boundary; on the third claim about 200 feet from the southern boundary and about 200 feet from the eastern boundary. The direct evidence adduced to show that such work was not done consisted in the testimony of men who for the most part had relocated the land involved and were interested witnesses. They testified that they never saw the plaintiff in error at work on the claims, that in 1917 they went upon the claims and with a tape line measured the distances

from the boundaries as indicated in the affidavits, and at and around the points of intersection they found no sign of work having been done, no dump, and no clearing of brush. These examinations were made at times when the snow was from 10 to 12 inches deep, and the search for the drill holes was made by kicking the snow about.

The evidence for the prosecution, if it stood alone, would clearly be insufficient to sustain a conviction of perjury. It is not disputed that the earth removed by drilling holes by a hand drill, such as the plaintiff in error claimed to have drilled, would amount to but a few panfuls. The plaintiff in error testified that he did not measure the distances from the boundary lines, but only estimated them. It is too obvious to require discussion that the testimony of the witnesses for the government was insufficient to show, beyond a reasonable doubt, that the holes had not been drilled. If the plaintiff in error had stood upon his motion to dismiss, made at the close of the testimony, a different case would now be presented. But he waived his motion by testifying in his own behalf, and in the discrepancies of his own testimony as to the work done, and by whom it was done, and the rebuttal of portions thereof by the witnesses for the government, there is evidence tending to show that the affidavits were false. We are not convinced that the court below erred in denying the motion for an instructed verdict.

[4] No exception was taken to any portion of the instructions to the jury, and therefore this court is powerless to consider assignments directed to portions of the charge.

The judgment is affirmed.