## PRUETT v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1925.)

No. 4335.

1. **Indictment and information ⊜⇒108—Indictment sufficient under one statute not demurrable, though defective under statute alleged therein to be violated.**

Where indictment charging embezzlement of funds received by accused as bankruptcy trustee was sufficient under Bankruptcy Act, § 29 (Comp. St. § 9613), demurrer thereto was properly overruled, even if indictment was defective in charging violation of Act May 29, 1920 (Comp. St. Ann. Supp. 1923, § 10267a), violation of which it specifically charged.

2. **Criminal law ⊜⇒1030(1)—Defense of statute of limitations, not raised in trial court, not properly before court on appeal.**

Defense of statute of limitations, not raised in trial court, is not properly before court on appeal.

3. **Embezzlement ⊜⇒47—Limitations held not established as defense as matter of law for embezzlement of trust funds mingled with accused's own funds.**

Where accused commingled trust funds received while bankruptcy trustee with other trust funds and with his own funds, held, that statute of limitations was not established as defense as matter of law, since jury would be warranted in finding that some part of funds were in accused's control, and were converted within statutory period.

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

W. E. Pruett was convicted of converting funds belonging to a bankrupt estate to his own use, and he brings error. Affirmed.

The indictment in this case contains two counts. The first count charges that from the 10th day of November, 1911, to the 11th day of September, 1921, the defendant was a trustee and officer of the United States court, to wit, the duly appointed, qualified and acting trustee in bankruptcy of the estate of one Smith, under and by virtue of an appointment made by the District Court of the United States in and for the District of Nevada, under the provisions of the bankruptcy laws of the United States; that as such trustee the defendant received and took into his possession, for and on account of the said bankrupt estate, the sum of $5,142.42, lawful money of the United States, such sum being then and there composition funds and moneys of said bankrupt estate; that on the 11th day of September, 1921, the resignation of the defendant as such trustee in

bankruptcy was accepted, and on the 12th day of September, 1921, one Tranter was appointed trustee in bankruptcy of said estate in his place and stead, and duly qualified and entered upon the discharge of his duties as such; that on the 1st day of November, 1921, the said Tranter as such trustee made demand upon the defendant for the said sum of $5,142.42, composition moneys and funds of said bankrupt estate; and that the defendant did then and there willfully and unlawfully fail to pay to said Tranter, as such trustee, the said sum so demanded, or any part thereof, and did then and there willfully and unlawfully retain and convert the same to his own use, in violation of the act of Congress entitled "An act to provide for the punishment of officers of the United States courts converting moneys coming into their possession, and for other purposes," approved May 29, 1920. The second count relates to the estate of a different bankrupt, but in all other respects the two counts are alike. The defendant was adjudged guilty as to both counts, and prosecutes the present writ of error.

B. F. Curler, of Reno, Nev., for plaintiff in error.

George Springmeyer, U. S. Atty., and Chas. A. Cantwell, Asst. U. S. Atty., both of Reno, Nev., and George A. Whiteley, Asst. U. S. Atty., of Carson City, Nev.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). The Act of May 29, 1920, referred to in the indictment (41 Stat. 630 [Comp. St. Ann. Supp. 1923, § 10267a]), provides:

"That any United States marshal, clerk, receiver, referee, trustee, or other officer of a United States court, or any deputy, assistant, or employee of any such marshal, clerk, receiver, referee, trustee, or other officer who shall, after demand by the party entitled thereto, unlawfully retain or who shall convert to his own use or to the use of another any moneys received for or on account of costs or advance deposits to cover fees, expenses, or costs, deposits for fees or expenses in bankruptcy cases, composition funds or money of bankrupt estates, fees in naturalization matters, or any other money whatever which has come into his hands by virtue of his official relation or by the fact of his official position or employment shall be deemed guilty of embezzlement and shall,

where the offense is not otherwise punishable by some statute of the United States, be fined not more than 'double the value of the money thus retained or converted or imprisoned not more than ten years, or both; and it shall not be a defense in such a case that the accused person had an interest, contingent or otherwise, in some part of such moneys or of the fund from which they were retained or converted."

[1] The plaintiff in error earnestly insists that the indictment is defective, because it appears on the face thereof that the plaintiff in error was not a trustee in bankruptcy at the time the demand for payment was made, and, further, that if the indictment in fact charges a crime under the Act of May 29, 1920, it nevertheless appears from the testimony that the funds were converted prior to its passage. Whether the indictment is good under the Act of May 29, 1920, we need not inquire, because it is clearly sufficient under section 29 of the Bankruptcy Act (30 Stat. 554 [Comp. St. § 9613]). The latter section provides:

"A person shall be punished, by imprisonment for a period not to exceed five years, upon conviction of the offense of having knowingly and fraudulently appropriated to his own use, embezzled, spent, or unlawfully transferred any property or secreted or destroyed any document belonging to a bankrupt estate which came into his charge as trustee."

The plaintiff in error does not question the sufficiency of the facts charged to bring the case within the purview of the latter section, but he contends that, inasmuch as the indictment on its face is based upon a particular statute, it must stand or fall by that statute, and cannot be sustained under any other. With this contention we are unable to agree. Thus in Vedin v. United States, 257 F. 550, 168 C. C. A. 534, the indictment was based on chapter 10 of the Session Laws of Alaska of 1915. The constitutionality of that statute was questioned, and in sustaining the indictment under a different statute the court said:

"We need not inquire into the question of the constitutionality of the Session Laws of 1915, for the facts charged in the indictment were sufficient to constitute an offense under section 162 of the Compiled Laws of Alaska of 1913, for the statute on which an indictment is found is determinable, as a matter of law, from the facts charged, and they may bring the offense charged within an existing statute, although the same is not

mentioned, and the indictment is brought under another statute."

See, also, Farley v. United States (C. C. A.) 269 F. 721.

[2, 3] There was, therefore, no error in the orders overruling the demurrer and denying the motion in arrest of judgment. The embezzlement was conceded, and the only other defense available to the plaintiff in error was the defense of the statute of limitations. That question was not raised in the court below, at the close of all the testimony, by motion for a directed verdict or otherwise, and the question is therefore not properly before us for review. But, assuming that the defense of the statute of limitations is sufficiently favored to justify an appellate court in considering it, where not properly raised below, we do not think that the defense was established in this case as a matter of law. The plaintiff in error commingled the trust funds in question with other trust funds and with funds of his own, and the jury was warranted in finding that some part of the commingled funds were under the control of the plaintiff in error and were converted by him within the statutory period. Had the plaintiff in error sufficient of the commingled funds in bank to satisfy the demand of the trustee, he would contend, and could successfully contend, perhaps, that there was no embezzlement at all, and the mere fact that the amount of the commingled funds had fallen below the amount of the trust funds did not compel a finding that the conversion was complete, and the embezzlement an accomplished fact, without the statutory period.

The judgment of the court below is therefore affirmed.