PORTER *v.* EDWARDS.

</div>

STATUTES—AMENDMENT AND REPEAL—INDIGENT INSANE PERSONS—COMMITMENT TO ASYLUM.

> The provision of Act No. 62, Pub. Acts 1887, amendatory of section 25 of Act No. 135, Pub. Acts 1885, which permitted "any person" found to be insane and in indigent circumstances, who had not gained a settlement in any county of the State, to be committed to an asylum, and supported at the expense of the State, was repealed by Act No. 44, Pub. Acts 1897, amendatory of section 23 of the act of 1885, providing for the commitment as a State charge of any indigent insane person who has no legal settlement in any county of the State, if such person "is a citizen of the State."

*Mandamus* by Frank S. Porter, probate judge of Ingham county, to compel William M. Edwards, medical superintendent of the Michigan Asylum for the Insane at

Kalamazoo, to receive an indigent insane person as a State charge. Submitted October 12, 1897. Writ denied October 25, 1897.

*Frank S. Porter, in pro. per.*

*Henry E. Chase,* Deputy Attorney General, for respondent.

LONG, C. J. One J. Welinder was adjudicated an indigent insane person by the relator on September 30, 1897, and it was further adjudged that he had not gained a settlement in Ingham county, and that his legal residence was unknown. Upon this adjudication and determination the proper certificate was made by the relator, directing that the said J. Welinder be conveyed to the insane asylum at Kalamazoo, there to be supported at the expense of this State until cured, or until otherwise further ordered. The respondent refused to receive him into said asylum, and this application was made for a *mandamus* to compel the respondent to receive him. A return has been made to an order to show cause, in which the respondent insists that he is not authorized by the statute of this State to receive him, as he is not a citizen of the State, or a resident herein, but is an alien.

Section 25 of Act No. 135, Pub. Acts 1885, as amended by Act No. 62, Pub. Acts 1887, after making provision for the disposition of indigent insane persons who have not gained a settlement in the county where the hearing takes place, but have gained a settlement in some other county of the State, and for the settlement of controversies arising respecting the liability of two or more counties for the maintenance of such insane persons, further provides that:

"Whenever the judge of probate of any county shall find that any pauper or indigent insane person brought before him has not acquired a legal settlement in any county in this State, he shall thereupon make an order to admit such insane person into an asylum for the insane, there to be kept and maintained at the expense of the State, and shall, at the same time, certify his finding upon

the question of such settlement to the secretary of state and to the medical superintendent of the asylum to which said insane person has been sent, and the State shall become responsible for the maintaining of said insane person as for other State patients." 3 How. Stat. § 1930c4.

Section 23 of said Act No. 135, Pub. Acts 1885, as amended by Act No. 44, Pub. Acts 1897, after providing the manner of hearing in cases of indigent insane, further provides:

"The judge of probate, on such hearing, shall determine the question of insanity, and also the question of indigence;   *   *   *   and if the judge of probate, after such hearing, shall certify that satisfactory proof has been adduced showing that such person is insane, and his estate insufficient to support him and his family, or, if he has no family, himself, under the visitation of insanity, on his certificate, under seal of the probate court of said county, he shall be admitted into the asylum, and supported therein at the expense of the county to which he belongs, until he shall be restored to soundness of mind, if effected within two years, or until otherwise ordered; or at the expense of the State, if the judge of probate shall find that such insane person has no legal settlement in any county of this State, or is unable to find from the evidence where that settlement is, provided the said insane person is a citizen of the State.   *   *   *   If the probate judge shall find such indigent insane person a State charge, as hereinbefore provided, he shall certify his finding upon the question of settlement to the secretary of state and to the medical superintendent of the asylum to which said insane person has been sent, and the State shall become responsible for the maintaining of said insane person."

The provisions of these two sections as amended, providing for the commitment of indigent insane persons into asylums as State charges, are alike, except that by section 23 of Act No. 44, Pub. Acts 1897, they must be *citizens* of the State to be so committed, while under section 25 of Act No. 62, Pub. Acts 1887, any person who was found to be insane and in indigent circumstances, who had not gained a settlement in any county of the State, could be committed to an asylum, and there sup-

ported at the expense of the State. It will be seen that the amendment of 1897 does not, in terms, purport to amend the act of 1887; but the amendatory act of 1897 covers substantially all the provisions of the amendatory act of 1887, and provides further that the insane person may be admitted into the asylum if a citizen of this State. We regret that we are forced to the conclusion that the act of 1887 was so repealed. Heretofore the insane asylums have been open for the reception of all insane persons in this State, whether citizens or not; the object being to so care for them that the lives and property of the citizens might not be put in jeopardy by such persons being allowed to roam at large until some offense should be committed, and the person be classed among the criminal insane. But this matter is entirely under the control of the legislative department of the State government. These asylums were built at State expense, and the legislature alone can provide who may and who may not be there confined. The rule is well settled that a new statute covering the same ground as the former act supersedes it for all further cases, without the necessity of repealing words. *People* v. *Hobson*, 48 Mich. 27. A statute is repealed by a later one in so far as its provisions are inconsistent with it, or are covered by it. *Attorney General* v. *Amos*, 60 Mich. 372. It is said by relator that the legislature did not use the word "citizen," in the act of 1897, in any other sense than that of "resident." But, even with this interpretation of the word, the asylum authorities were correct in refusing the admission of the insane person, for the answer states that that person is not a resident of the State; and the answer must be taken as true.

There is no alternative under these statutes but to deny the writ. It is therefore denied, without costs.

The other Justices concurred.