## FARLEY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1921.)

No. 3483.

1. **Internal revenue ☞2—National Prohibition Act repeals act punishing engaging in business without paying special tax.**

Act Feb. 8, 1875, § 16 (Comp. St. § 5966), prescribing the punishment for unlawfully carrying on the business of a retail liquor dealer without paying a special tax, is repealed by implication by the National Prohibition Act, which, in title 2, § 3, covers the whole field, notwithstanding section 35, providing that the regulations therein shall be construed as in addition to existing laws, that such act shall not relieve any one from paying any taxes or charges on the manufacture or traffic in liquor, and that the payment of the tax or penalty therein prescribed shall give no right to engage in the manufacture or sale, nor shall the act relieve any person from any civil or criminal liability.

2. **Internal revenue ☞39—National Prohibition Act, imposing tax and penalty for unlawful manufacture or sale, held not criminal statute.**

National Prohibition Act, § 35, providing for the collection of a tax and penalty for the illegal manufacture or sale of intoxicating liquor, is not to be regarded as a criminal statute.

3. **Indictment and information ☞119—Indictment under repealed act sustained under National Prohibition Act, and unnecessary allegations treated as surplusage.**

Where an indictment for unlawfully carrying on the business of a retail liquor dealer without paying the special tax in violation of Act Feb. 8, 1875, § 16 (Comp. St. § 5966), was sufficient to charge a sale of intoxicating liquor in violation of National Prohibition Act, tit. 2, §§ 3 and 29, it will be sustained as an indictment under that act; the omission to pay the special tax being treated as surplusage.

4. **Intoxicating liquors ☞223(1)—Under National Prohibition Act, allegation as to engagement in business need not be proved.**

Under the National Prohibition Act, an allegation of an indictment for selling intoxicating liquor that defendant was engaged in the business of a retail liquor dealer need not be proved.

5. **Witnesses ☞270(2)—Exclusion of cross-examination as to conduct of witness and others on other occasions held not error.**

Where a witness in rebuttal testified in chief only as to whether he brought with him to defendant's tavern the bottle out of which he and his party were served with liquor, cross-examination to show that on previous occasions he had brought liquor and been served by the waiters, and that on one occasion one of the ladies in the party took possession of his pistol and another of his black-jack and billy and flourished them around, to the annoyance of guests, was properly excluded.

6. **Criminal law ☞37—That officers called for liquor held not entrapment relieving defendant.**

Where, for the purpose of ascertaining whether a tavern keeper was dispensing drinks to his customers, officers called for "cough syrup," which was understood to mean whisky, and were served with drinks, their conduct was not an entrapment relieving defendant from guilt.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Robert C. Farley was convicted of an offense, and he brings error. Reversed, and remanded for resentence.

Winter S. Martin, of Seattle, Wash., for plaintiff in error.

Robert C. Saunders, U. S. Atty., of Seattle, Wash., and F. R. Con- way, Asst. U. S. Atty., of Tacoma, Wash.

Before GILBERT and HUNT, Circuit Judges, and WOLVER- TON, District Judge.

WOLVERTON, District Judge. The plaintiff in error, being de- fendant below, was indicted under what is termed in this proceeding section 3242-a, R. S., which is section 16 of the Act of February 8, 1875, 18 Stat. 310 (Comp. St. § 5966), for unlawfully carrying on the business of a retail liquor dealer without having paid the special tax therefor as required by law.

The penalty prescribed for a violation of the statute is a fine of not less than $100 nor more than $5,000 and imprisonment for not less than 30 days nor more than 2 years.

The defendant was convicted, and adjudged to serve a term of 60 days in jail and to pay a fine of $500.

[1] It is insisted here that this statute, among others, has been su- perseded by the National Prohibition Act, and that the offense charged against the defendant no longer exists.

The National Prohibition Act (41 Stat. L. 305) is most comprehensive in its provisions relating to the subject of intoxicating liquors. It de- fines the term "liquor" and the phrase "intoxicating liquor," and what is included thereby, namely, all spirituous, vinous, malt, or fermented liquor containing one-half of 1 per cent. or more of alcohol by vol- ume, and thereafter covers the whole field respecting the manufacture of and the manner of dispensing intoxicants of whatsoever nature, including also the fixing of whatever revenues pertaining thereto are to accrue to the government. Otherwise the manufacture, disposition, and possession of any intoxicating liquor as defined by the act is absolutely prohibited. Section 3, tit. 2.

There can scarcely be a doubt that it was intended by this act to cover the entire subject of the manufacture, sale, and possession of intoxicating liquors.

The rule respecting repeals by implication is tersely stated by the Supreme Court in United States v. Tynen, 11 Wall. 88, 92, (20 L. Ed. 153), as follows:

"It is a familiar doctrine that repeals by implication are not favored. When there are two acts on the same subject, the rule is to give effect to both if possible. But, if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repug- nancy as a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act."

So in a recent case in the Supreme Court of Michigan (People v. Marxhausen, 204 Mich. 559, 576, 171 N. W. 557, 562 [3 A. L. R. 1505]) it is said:

"But where the later act covers the whole subject, contains new provisions evidencing an intent that it shall supersede the former law, or is repugnant to the earlier act, it operates as a repeal."

Such is the undoubted rule, sustained by uniform authority. See Porter v. Edwards, 114 Mich. 640, 72 N. W. 614; Graham v. Muskegon County Clerk, 116 Mich. 571, 74 N. W. 729; Attorney General v. Commissioner of Railroads, 117 Mich. 477, 76 N. W. 69.

Attention is directed to section 35 of title 2 of the act as indicative of an intendment not to repeal the revenue laws heretofore existing relating to intoxicants. It is provided by that section that—

"All provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws."

While the language thus employed is by no means clear as defining the purpose of Congress, we think the first clause is merely declaratory of the existing law touching the interpretation of statutes in respect to repeals by implication. As to the last clause, it is obvious, when construed with the entire provisions of the act, that it was not intended that the statutes should be incumbered with two sets of criminal provisions respecting the manufacture and sale of intoxicants. Whatever provisions touching the subject-matter are contained in the later act not inconsistent with or repugnant to previous statutes would, of course, under the general rule for interpretation, operate as additional legislation. So that so far the provisions of section 35 do not call for a different interpretation from that which would be applied under the general rule of law obtaining.

A further provision of section 35 is:

"This act shall not relieve any one from paying any taxes or other charges imposed upon the manufacture or traffic in such liquor."

[2] It also provides that, in case of any such illegal manufacture or sale, there shall be assessed against and collected from the person responsible therefor double the amount of tax now provided by law, with an additional penalty of $500 on retail dealers and $1,000 on manufacturers. We construe this simply as providing for an additional tax and penalty for the unlawful trafficking in and manufacture of intoxicating liquors; but it is not to be regarded as a criminal statute. If it were, it is to be assumed that Congress would have manifested such purpose. The language of the quoted clause is indicative of this view.

As we have seen, the Prohibition Act, by the third section of title 2, inhibits in the most comprehensive terms possible the manufacture of or traffic in intoxicating liquors except as authorized by the act, and an infraction of its mandate in this respect is rendered criminal by section 29. So that here we find the entire subject-matter of criminal liability for such manufacture or traffic in intoxicants covered by the later statute, and with different penalties subjoined from those obtaining under the old statutes.

Section 35 further proceeds:

"The payment of such tax or penalty shall give no right to engage in the manufacture or sale of such liquor, or relieve any one from criminal liability, nor shall this act relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws."

This amounts to a saving clause for the prosecution under previous statutes of offenses committed prior to the time the present act became effective. Subsequently thereto the "existing laws" applicable are obviously those established by the Prohibition Act, especially where inconsistent with or repugnant to prior statutes relating to the subject.

We are of the opinion that the statute under which the indictment in the present case is preferred was repealed by implication by the Prohibition Act. As applicable to the present act, this view is sustained by two cases in the District Courts, United States v. Yuginni et al., 266 Fed. 746, and United States v. Windham, 264 Fed. 376.

[3] It does not necessarily result, however, that the indictment is bad, for it is a rule of law now well settled that, if there be any act in force under which the indictment can be upheld, the court will refer it to such act and sustain it. In a recent case in this circuit the court, speaking through Gilbert, Circuit Judge, says:

"The statute on which an indictment is found is determinable, as a matter of law, from the facts charged, and they may bring the offense charged within an existing statute, although the same is not mentioned, and the indictment is brought under another statute." Vedin v. United States, 257 Fed. 550, 551, 168 C. C. A. 534, 535.

The principle was much earlier announced by the Supreme Court of the United States (Williams v. United States, 168 U. S. 382, 18 Sup. Ct. 92, 42 L. Ed. 509), and has been consistently followed ever since. See the further additional cases cited in the Vedin Case.

A cursory reading of the indictment, in view of the Prohibition Act, leads to the conclusion that it is sufficient to charge a sale of intoxicating liquor within the purview of section 3 of title 2, which is rendered criminal by section 29, and should be sustained.

The allegation contained in the indictment respecting the omission to pay the special tax may, with propriety, be treated as surplusage.

[4] Nor was it necessary for the government to prove that the defendant was engaged in the business of a retail liquor dealer. It was enough to show that he sold liquor in any quantity. As to this suffice it to say the evidence is quite sufficient.

This also disposes of the criticism of the court's refusal to give requested instruction No. 3.

[5] On cross-examination in rebuttal of W. O. R. Wood, who was in the employ of the government, in the Internal Revenue Department, it was sought to show that on previous occasions the witness had brought with him to the tavern a bottle of liquor, and had it served by the waiters; that on one occasion one of the ladies in his party took possession of his pistol and flourished it around, and another of his black-jack and billy and flourished them around, to the annoyance of the guests; that two weeks before the raid he was out with the witness Eva Shannon, and brought with him liquor, and had the waiter Hunter serve it; all of which the court denied, and error is assigned.

In view of the fact, as the record shows, that the witness was only asked on the examination in chief whether he had brought with him the pint bottle out of which he and his party were served, and that the testimony offered was in rebuttal, we find no error in the exercise of

the trial court's discretion in refusing to admit the testimony excluded.

[6] The further question insisted upon that there was an entrapment of the defendant by the government officers to do what he is accused of doing is without merit. All the officers did was to go to the tavern, and while at their meals order the waiter to serve them with some cough syrup, which was understood to be whisky. They were served accordingly with drinks in small glasses. The officers had nothing to do with furnishing the whisky; their only purpose being to ascertain whether or not the defendant was dealing in or dispensing drinks of the kind to his customers. That such deportment on the part of the officers does not constitute an intrapment that relieves the defendant from guilt has been recently decided by this court. Fiunkin v. United States, 265 Fed. 1.

It is apparent from these considerations that the other assignments of error suggested by the record are not well taken.

It appearing that the trial court has imposed a penalty in excess of that provided by the Prohibition Act—the penalty there prescribed being a fine not exceeding $1,000 or imprisonment not exceeding six months, but not both—the cause will be reversed, and remanded for resentence in pursuance of such act.