**RAVITZ et al. v. HAMILTON, Internal Revenue Collector.**

(District Court, W. D. Kentucky. April 23, 1921.)

No. 96.

Internal revenue &#9758;2—Provisions of internal revenue laws repealed by National Prohibition Act.

The Eighteenth Amendment and National Prohibition Act, tit. 2, §§ 3, 29, prohibiting the sale of liquors for beverage purposes and prescribing the penalty for its violation, by making dealing in liquor unlawful, by implication repealed the provisions of the internal revenue laws imposing a tax on liquor dealers, and a person who has been convicted and fined for the sale of liquor under the Prohibition Act cannot, in addition, be subjected to the penalties prescribed for carrying on the business of a retail liquor dealer without paying the special tax therefor.

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

272 F.—46

In Equity. Suit by Morris Ravitz and others against Ellwood Hamilton, Collector of Internal Revenue. On motion by defendant to dismiss bill and motion by complainants for injunction. Motion to dismiss denied, and injunction granted.

Arthur B. Bensinger, of Louisville, Ky., for plaintiffs.

W. V. Gregory, U. S. Dist. Atty., and S. M. Russell, Asst. U. S. Dist. Atty., both of Louisville, Ky., for defendant.

WALTER EVANS, District Judge. The bill of complaint states (among other things not necessary now to go into) that on July 19, 1921, certain internal revenue agents reported to the Commissioner of Internal Revenue that the plaintiff, Morris Ravitz, had on July 13, 1920, sold a pint of whisky to one Owens, and that on July 14, 1920, he had sold another pint to the same purchaser, both sales having been made in this city, and that thereupon the said Commissioner assessed against said Ravitz penalties as follows:

| | |
|---|---:|
| Retail liquor dealer license tax, 1921 | $ 50.00 |
| Penalty | 12.50 |
| Penalty | 500.00 |
| | $562.50 |

All of this, the bill asserts, was based upon section 35 of title II of the National Prohibition Act (41 Stat. 305), which became effective in January, 1920, and section 3244 of the Revised Statutes of the United States (Comp. St. § 5965), and that subsequently the said Ravitz had presented a claim to the Commissioner of Internal Revenue for the abatement of said assessments, but that it had been denied. The bill also states that these assessments were based upon the assumption that said Ravitz was engaged, or had, in July, 1920, been engaged, in the business of a retail liquor dealer.

The bill further states that on the 11th day of November, 1920, the defendant caused a distress warrant to be issued and placed in the hands of one of his deputies, and is threatening to have the same levied on all of the property of said Ravitz, and that in order to avoid such levy and any sale thereunder the said Ravitz executed to the defendant a bond to stay the collection of said penalties, and to secure the performance of the obligations of that bond he executed a mortgage on his property to his coplaintiffs, a copy of which is exhibited with the bill. The plaintiffs then state that the defendant is threatening, unless the said assessments are paid, to enforce their collection by the seizure of the property of the said Ravitz.

The bill further states that, acting solely in pursuance of the said report made in July, 1920, the Commissioner of Internal Revenue, without any notice to the plaintiffs, or either of them, on or about the 5th day of January, 1921, caused an additional assessment to be made against said Ravitz in the sum of $2,500, and demanded payment thereof, basing this action also upon the said section 35 of the National Prohibition Act and section 3244 of the Revised Statutes of the United States. The bill further states that on the 15th day of

January, 1921, the defendant issued a second notice and demand for the said penalties, to which he added the further sum of $125, making a total, including the first penalties, of $3,215.63.

The bill then states that an indictment was secured and returned against said Morris Ravitz by a grand jury of this court, charging him in two separate counts with having made said two separate sales to said Owens; that said Morris Ravitz entered a plea of guilty as charged; that a fine of $200 was thereupon imposed by the court, and that said Ravitz paid the same.

The bill prays for an injunction restraining the defendant from collecting any part of the other penalties amounting, in the aggregate, to $3,215.63.

The plaintiffs' claim is that, though Morris Ravitz made each of the sales to Owens in July, 1920, he did not thereby engage in or "carry on the business of a retail liquor dealer," within the meaning of former laws which authorized and permitted it, for the reason that said laws had theretofore been repealed by the National Prohibition Act, and consequently that all the said penalties assessed against said Ravitz in respect to that business, as such, were void, inasmuch as each of them was made without warrant of law to support it.

It is obvious that the defendant, acting in his official capacity as collector, and no doubt under instructions from his superior officer, is seeking to enforce, upon two simple, confessed, and already judicially punished acts, penalities amounting to $3,215.63 in addition to the $200 fine imposed by the court. There is no provision in the National Prohibition Act which, in terms, authorizes the Commissioner of Internal Revenue, or the defendant as collector, to impose any part of the penalties complained of. If any such authority exists, it must be found in previous statutes; but that cannot be done, if the National Prohibition Act has repealed them.

At the outset it would seem that the very extravagance of the penalties assessed may suggest a possible cruelty which should be avoided, unless the contrary is imperatively demanded by existing laws, for neither within the statute nor technically can there now be any such thing as "carrying on the business of a retail liquor dealer," inasmuch as the provisions of the National Prohibition Act and the constitutional amendment, which it was designed to enforce, forbid it. That offense, therefore, must necessarily have been transmuted into the simpler one described in section 3 of the new act, which provides that "no person shall  *  *  *  sell intoxicating liquors." And it seems certain that the new law, being the last expression of the legislative will, superseded the old law, especially as there are obvious inconsistencies between them—the one, if in force, authorizing the carrying on of the business of a retail liquor dealer, and the other forbidding it. The effect of all this was, as we shall see, the repeal of all laws, and especially section 3244, R. S., under which the penalties with which we are now dealing were assessed. Congress, we think, did not intend to repeal the old law and at the same time keep alive its penalties, to be imposed as though that law was yet in force.

The altogether radical changes in the policy and laws of our people

worked out through the Eighteenth Amendment and the National Prohibition Act, which act, without the approval of the President, became effective on January 16, 1920, make it essential that we should inquire whether the long previously enacted statutory provisions under which the $3,215.63 in penalties were sought to be imposed on Ravitz by executive officers, without notice and in addition to the $200 fine imposed by the judgment of the court at the trial of the indictment for "selling intoxicating liquors," can find support in any law of the United States.

The Eighteenth Amendment is in this language:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

By its express terms this amendment prohibits the sale of intoxicating liquors for beverage purposes in the United States. The National Prohibition Act, enacted to enforce the amendment, in its third section makes it unlawful to sell intoxicating liquors for such purposes, and section 29 of the act fixes the penalties therefor in this language:

"Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years."

It was under these sections that Ravitz was indicted and fined.

Section 35 of the act took pains to repeal all laws inconsistent with the National Prohibition Act, and though this may possibly, in strictness, have been superfluous and unnecessary, it was, in view of the broad scope and language of the amendment, practical and wise to do so affirmatively, because of the necessity for knowing precisely how that amendment was to be enforced—the only question left after its ratification.

Congress attempted to make clear the manner of its enforcement, and hence, among others, included in the act sections 3 and 29, to which we have referred. We think these two sections are clear and explicit, and sufficiently indicate what Congress desired to enact and declare to be the whole law on that particular phase of the subject of intoxicating liquors, and especially when they are considered in connection with the exceptions specified, and which relate to prescriptions by physicians, to drugs, to the arts and sciences, to sacramental wine, etc.

If, in general terms, this is the correct view in respect to the broad scope and reach of the enforcement act, when considered in connection with the Eighteenth Amendment, then the Commissioner of Internal Revenue was without power to make and the defendant collector of internal revenue was wholly without lawful power to take any

steps to enforce any of the penalties assessed or sought to be enforced against the plaintiff Ravitz and complained of in the bill, for the reason that the antecedent laws under which they were sought to be exacted, and which laws had been enacted to regulate a lawful trade in intoxicating liquors before the Eighteenth Amendment was adopted, could not be continued in force because of their entire inconsistency with the whole plan for the accomplishment of the general purposes of that amendment.

We think the cases so far decided, and in which the general subject was considered, adequately support the conclusion we have reached. Reed v. Thurmond U. S. Atty. (C. C. A.) 269 Fed. 252; Farley v. United States (C. C. A.) 269 Fed. 721; United States v. Yuginni et al. (D. C.) 266 Fed. 746; Thorne v. Lynch, Collector (D. C.) 269 Fed. 995; Kausch v. Moore (D. C.) 268 Fed. 668; Accardo v. Fontenot, Collector (D. C.) 269 Fed. 447. And especially see the very strong case of Ketchum v. United States (C. C. A. 8th Circuit) 270 Fed. 416, decided February 28, 1921.

It results that the defendant's motion to dismiss the bill will be overruled, and the motion of plaintiffs for an injunction will be granted, upon terms to be fixed.