## UNITED STATES v. KENT.

District Court, S. D. Illinois, N. D.  November 20, 1929.

Cr. No. 1045.

Marks Alexander, Asst. U. S. Atty., of Springfield, Ill. (Walter M. Provine, U. S. Atty., of Springfield, Ill., of counsel), for the United States.

John E. Dougherty, of Peoria, Ill., for defendant.

FITZHENRY, District Judge. Defendant is indicted for violating the National Prohibition Act (27 USCA), and has entered his motion to quash count 2, and demurs generally and specially to the other counts. Count 2 charges a violation of the National Prohibition Act, within the provisions of the recent amendment thereto, known as the "Jones" Law (27 USCA §§ 91, 92). The constitutionality of the Jones Act is attacked and, it is claimed that, by reason of the enactment of the Willis-Campbell Act of 1921 (27 USCA §§ 2, 3, 15, 18, 20, 53, 54, 56), the applicable portions of the penalty section of the National Prohibition Act (27 USCA § 46) have been repealed.

The contention of counsel for the defendant with reference to the state of the law incident to the change brought about by the recent act of Congress, commonly known as the "Jones Act" (27 USCA §§ 91, 92), is very interesting. Undoubtedly the passage of the law of March 2, 1929, marks a very great change in the National Prohibition Act. It amends the penalty section of the National Prohibition Act by substituting, so far as it is in conflict with the penalties of the old act, all of its provisions. It is earnestly argued that the reclassification of crimes should be enough to invalidate the Jones Law.

It is true there is a reclassification of most of the crimes denounced in the National Prohibition Act, excepting such as possession of intoxicating liquor, nuisance, the violation of permits, etc. The crimes of sale, manufacture, transportation, importation, and exportation of intoxicating liquor for use as a beverage are involved. The change of the major portion of the crimes under the National Prohibition Act from misdemeanors to felonies makes the new law operate entirely outside of and beyond the National Prohibition Act.

The effect of the reclassification of many of the crimes under the Prohibition Law is given very little consideration and attention by the current discussions in legal journals and in the press. The effect of the Jones Law is to make an entirely new set of felonies. By reason of this fact it is now a felony for any person who buys a drink of intoxicating liquor not to report the sale to the proper officers of the United States Government; any person who knows that anybody else has transported intoxicating liquor for use as a beverage is now a felon, if he does not report it; any person who knows that any body else is manufacturing, importing, or exporting liquor for a beverage is a felon, if he does not report it, if the Jones Act is constitutional.

To be sure these particular offenses are not expressly defined in the Jones Act (27 USCA §§ 91, 92), but by reclassifying certain of the offenses, under the Prohibition Law, another law is brought into operation. I refer to the law known as the Misprision of Felony Act (18 USCA § 251), which has been a part of the law of the country, in substantially the same form, since 1790. The Act of April 30, 1790, c. 9, 1 Stat. 113. This old act was re-enacted (18 USCA § 251) by Congress as a part of the Criminal Code of March 4, 1909 (18 USCA § 1 et seq.). In this latter law it is provided (18 USCA § 251) whoever, having knowledge of the actual commission of the crime of murder or other felony cognizable by the courts of the United States, conceals and does not as soon as may be disclose and make known the same to some one of the judges or other persons in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both.

By the reclassification of offenses from misdemeanors under the National Prohibition Act (27 USCA) to felonies under the Jones Act (27 USCA §§ 91, 92), crimes of that character are brought within the operation of the Misprision of Felony Act. So, it will at once be observed that the provisions of the Jones Act are of very great importance and significance to the people of the United States. The constitutionality of the Misprision of Felony Act, as re-enacted in 1909 (18 USCA § 251), has never been questioned so far as the court is advised. What might happen if the constitutionality of it were brought before the Supreme Court of the United States, however, is practically certain in the light of the long-continued force and effect of that law and its elemental nature. The reclassification of certain crimes does not make the law void.

Upon the legal questions raised by defendant's motion to quash and the demurrer to the indictment, the constitutionality of the Act of 1790, as re-enacted in 1909 (18 USCA § 251), has not been raised, but the constitutionality of the so-called Jones Act (27 USCA §§ 91, 92), or the "5 and 10" law, as it is commonly referred to, has been challenged. By the adoption of the Eighteenth Amendment to the Constitution of the United States, which was ratified by all but two of the states, power was granted to the Congress

of the United States, as well as to the Legislatures of the several states, to enact legislation to carry into effect the provisions of section 1 of the amendment (27 USCA § 91). Were it not for the proviso contained in section 1 of the so-called Jones Act (27 USCA § 91), which suggests that it is the intent of Congress that the court, in imposing sentence thereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor or attempts to commercialize violations of the law, no one would seriously contend that section 1 of the so-called Jones Act (27 USCA § 91) was unconstitutional. In fact it could not seriously be questioned but that the Congress had ample power under the Constitution to enact section 1 without the proviso. The urge is that, after a defendant has been tried and found guilty of violating some of the provisions of the National Prohibition Act, it then becomes the duty of the courts to conduct a further inquiry and determine the further fact, before imposing sentence, as to whether or not the crime for which the defendant has been found guilty by a jury was a "casual or slight" one, or whether he was guilty as an habitual offender, or whether he was guilty of "attempts to commercialize violations of the law"; that, by reason of the proviso, a defendant is denied the right of trial by jury as to whether or not he was an habitual violator, or, whether or not he was guilty of attempts to commercialize violations of the law. It has been very forcefully argued that the proviso does create additional crimes of "habitual sales of intoxicating liquor" and "attempts to commercialize violations of the law"; that a defendant may only be convicted of offenses of that character by being specifically charged in the indictment for such offenses and found guilty by a jury; that the attempt of Congress, by virtue of this enactment, to vest the court with power, after conviction by a jury of the ordinary offense, to try the defendant as an habitual offender, or as one who attempts to commercialize violations of the law, and then inflict the increased penalties of the Jones Act, is beyond the power of Congress and in violation of the Constitution; that such a law is clearly within the inhibitions of the Sixth Amendment to the Constitution, in that a defendant is denied a trial by jury for the graver offense carrying the heavier penalties; that he need not be charged and therefore is not informed of the nature and the cause of his accusation in that regard.

From the founding of the Government it has been the policy of the Congress to confer upon the courts of the United States, as distinguished from the jury, the burden and duty of making punishment, for a violation of any of the criminal laws of the United States, fit the crime. This proviso in section 1 of the Jones Act (27 USCA § 91) marks the first time, so far as we are advised, in the history of federal legislation where the Congress has presumed to recommend to this court that it exercise a judicial discretion in a particular way, and, yet, in so far as this proviso is concerned, the court feels that Congress did no more than it had done, without the use of words, in the enactment of practically all of the other criminal laws, by leaving the imposition of appropriate sentence to the judicial discretion of the courts. When the proviso is carefully considered it must be held that it defines or denounces no new crime, but admonishes the courts to do justice in each particular case by an exercise of a wise judicial discretion in the fixing of punishment.

To illustrate: Take the crime of conspiracy. The penalties prescribed by the Conspiracy Act are a fine of not to exceed $10,000, or imprisonment not to exceed two years, or both, in the discretion of the court. The maximum penalties of the Conspiracy Act (section 37 of the Penal Code [18 USCA § 88]) illustrates exactly the principle involved in the Jones Act, except that there is no admonition in section 37 to the courts that they exercise a wise judicial discretion in the imposition of punishment. The court is given the power to fine a defendant convicted of the crime of conspiracy from 1 cent to $10,000, or to sentence defendant to imprisonment from one day to two years, or both, and, of course, in fixing fines or sentences the court distinguishes, from the record, as to the nature and character of the particular offense of which the defendant is found guilty by the jury, and fixes the punishment accordingly.

The proviso in the Jones Act (27 USCA §§ 91, 92), which it is contended makes the law unconstitutional and void, is, in substance, the law with reference to every other crime under the laws of the United States, except the offense of assaulting and robbing a mail messenger with a deadly weapon and probably one or two other cases. In cases of the latter character, Congress definitely establishes a fixed punishment and leaves no discretion to the court. In every other case the courts are required to fix the punishment so that it will be appropriate for the offense committed; and the court always considers whether or not the offense is a slight or casual

one, or whether the evidence discloses that the defendant has been an habitual violator or whether he is attempting to commercialize violations of the law.

The first case before us today involved a school boy who had never been in trouble in his life; he met with some other boys, who, in performing a caper, wrote and mailed some postal cards to girl friends. The particular boy in question wrote a little something on his postal card that did not read well and which technically amounted to a violation of the Penal Code when dropped into the United States mail. The boy had never violated any other law, so far as the record discloses. Theretofore he had been decent; his people were good people and his family a law-abiding one. Of course the court took all of these matters into consideration upon his entering his formal plea of guilty. In order that there might not be the record of a felony against the boy, the court suspended the administration of sentence and admitted him to probation because the offense was slight. If he had been in the habit of doing things of that kind, if he had been attempting to make money by thus violating the law, a different situation would have been presented, and the court's order in the premises might have been different. So, the court feels that the intent as specifically expressed in the proviso attached to section 1 of the Jones Act (27 USCA § 91) simply amounted to putting in so many words what Congress had said in effect in enacting practically every other criminal law now upon the statute books. Whether to enact a statute making a change in classification of many of the crimes under the Prohibition Law was the wise thing to do, whether it was wise to write a law the effect of which is to make hundreds of thousands, or possibly millions, of the people in the United States felons, is a matter that was addressed to the discretion of the Congress of the United States. Congress had the power to do so, if it was its purpose. It seems that Congress, in the exercise of its legislative discretion and will, did it. It is the conclusion of the court that the enactment of the so-called Jones Law (27 USCA §§ 91, 92) is not a violation of the Constitution.

■ The wisdom of a law is one thing, the constitutionality of a law is another. The wisdom of a law is addressed to the legislative discretion, and, when an act of Congress is within the powers granted in the Constitution, it is the duty of the courts to uphold and apply that law. It is the holding of the court that the Jones Law, in addition to changing all of the offenses mentioned in it from misdemeanors to felonies, simply increases the limits of the discretion vested in the courts, concerning the imposition of fines and sentences. It is the conclusion of the court that the Jones Act is valid. The probabilities are that there will be few cases that will merit the application of the extreme penalties of that law, but should those few cases occur, should offenses be committed that merit the application of the extreme penalties, the courts have the power under it to make that application. That is about the extent of the Jones Act (27 USCA §§ 91, 92). So far as ordinary offenses are concerned, there is no change, except as to the quality of the crime.

The motion to quash count 2 will be denied.

■■ The point is also raised by the demurrer here that the effect of the passage of the Willis-Campbell Act of November 23, 1921 (27 USCA §§ 2, 3, 15, 18, 20, 53, 54, 56), was to repeal title 2, § 29 of the National Prohibition Act. Section 29 of title 2 (27 US CA § 46) repealed such sections of the Internal Revenue Act as were in direct conflict with it. United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; Ravitz v. Hamilton (D. C.) 272 F. 721.

Section 5 of the Willis-Campbell Act (27 USCA § 3) sought to reenact all laws in regard to the manufacture of, taxation, and traffic in intoxicating liquors and all penalties for violations of such laws as were in force October 28, 1919. It is now contended that the re-enactment of such provisions of the Internal Revenue Laws as are held to have been re-enacted by the law of 1921, and which have been adjudicated to be in conflict with the National Prohibition Act, to the extent, in the first instance, that the provisions of section 29 (27 USCA § 46) had repealed them, has had the effect to repeal all the provisions of section 29. That is, that the Willis-Campbell Act, being later than the Prohibition Act, repeals conflicting provisions. This contention is based upon the holding of the Supreme Court in the Stafoff Case, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. With the Stafoff Case the Supreme Court considered two others, the Brooks and Remus Cases, and held as to the Remus Case that Rev. St. § 3242 (Internal Revenue Law [26 USCA § 191]), which Remus was charged with having violated was in force and effect after the enactment of the Willis-Campbell Act (27 USCA §§ 2, 3, 15, 18, 20, 53, 54, 56), reversing the District Court for the Southern District of Ohio, which had sustained a demurrer to the several counts.

The same contention was made in Murphy's Case (no opinion) at the April term. At that time we held against the contention upon the theory that the Supreme Court had said that, for offenses committed subsequent to the enactment of the supplementary Act of 1921, the Yuginovich Case is no longer to be followed. Stafoff Case, supra, 260 U. S. pages 480 and 481, 43 S. Ct. 199, 67 L. Ed. 358. The holding of the Supreme Court in the Stafoff Case, in which the court said that the District Court erred in sustaining Remus' demurrer to counts charging him with carrying on the business of a wholesale liquor dealer, retail liquor dealer, and rectifier, amounts to a holding that the revenue laws re-enacted are not "directly in conflict with any provisions of the National Prohibition Act," within the meaning of section 5 (27 USCA § 3). An appeal has been prosecuted from the judgment in Murphy's Case and is still pending in the Circuit Court of Appeals for the Seventh Circuit. Ordinarily, we would proceed further with no other case involving the same question until the Court of Appeals had passed upon it. However, to do so at this time would amount to a cancellation of practically the entire trial docket.

The motion to quash will be denied, and defendant's demurrer overruled.