## SNIDER et al. v. UNITED STATES. *
### No. 5990.

Circuit Court of Appeals, Fifth Circuit.
Nov. 22, 1930.

Jno. B. McNamara, J. D. Willis, and H. S. Beard, all of Waco, Tex., for appellants.

John D. Hartman, U. S. Dist. Atty., of San Antonio, Tex.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge.

Joe Snider, Louis Snider, and Leopold Jantz, the appellants whose conviction this appeal seeks to review, were convicted of the offense of possession and manufacture of 433 gallons of intoxicating liquor and distilled spirits, and with unlawfully having in their possession and under their control property designed for the manufacture of such liquor, to wit, five stills, with an aggregate capacity of 2,200 gallons, with the requisite apparatus and material to operate it.

The trial was had to a jury, during which no objection was made or exception taken,

'Certiorari denied 51 S. Ct. ——, 75 L. Ed. ——.

either to the indictment, the evidence, or the charge. The jury found the defendants guilty, and each was sentenced to thirteen months in the penitentiary, and to pay a fine.

Without the sufficiency of the indictment having been called to the attention of the court below in any manner, and no exception of any kind having been taken during the trial, appellants seek a reversal of the judgment on the ground that the court committed fundamental error in sentencing them to the penitentiary under the Jones Act, 27 USCA §§ 91, 92, because they say that act, by the proviso that "it was the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law" (section 1), destroys and takes away from the defendant his right to trial by jury, the presumption of his innocence, the rule of reasonable doubt, the right to know definitely the charge, the right to be confronted with all witnesses against him, and the right to a fair and impartial trial.

Just how this has been accomplished appellants do not make very clear. Their only citation, the remarks made in the Senate by Mr. Reed, of Missouri, while discussing the Jones Amendment, makes against, rather than for, them, for he said of the proviso as quoted by appellants: "The proposed amendment, while its purpose may be humane, nevertheless is not a part of the statute. It is merely a recommendation."

The government on its part cites four cases, The United States v. Kent (D. C.) 36 F.(2d) 401; Ross v. United States (C. C. A.) 37 F.(2d) 557; Brady v. United States (C. C. A.) 39 F.(2d) 312; Gurera v. United States (C. C. A.) 40 F.(2d) 338, all for various reasons given, sustaining sentence and judgment under the act, while none are cited against it.

We think it plain that Congress has in clear and unmistakable language fixed maximum penalties to be awarded by the court in its discretion, and that the proviso, whether to be considered as a suggestion or as surplusage, as mandatory or as advisory, has none of the effects which appellants claim for it.

There being no error in the record, the judgment of the court below is affirmed.