### THOMAS v. UNITED STATES.
### No. 271.

Circuit Court of Appeals, Tenth Circuit.
Jan. 5, 1931.

James H. Mathers and James C. Mathers, both of Oklahoma City, Okl., for appellant.

Roy St. Lewis, U. S. Atty., and Herbert. K. Hyde, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

The appellant, as defendant, was indicted, tried, and convicted on an indictment which contained two counts; one charging him with the offense of unlawful possession of whisky, the other with the unlawful transportation of whisky. Defendant was convicted on both counts and appeals to this court.

While there is no question raised which challenges the sufficiency of the evidence to sustain the conviction by motion for instructed verdict, or otherwise, it is sufficient to say the evidence found in the record is sufficient and defendant offered no evidence on his own behalf.

While the defendant now attempts to challenge a portion of the court's charge to the jury, the record discloses there was no exception taken to the charge as given and no request to charge further or differently. Therefore, there is nothing found in this record upon which the charge can be here reviewed.

The larger contention of defendant attempted to be made here to work a reversal is based upon the alleged unconstitutionality of a part of what is familiarly known as the five and ten or the Jones law, Supp. to United States Code, title 27, section 91 (27 USCA § 91). The part challenged reads as follows:

"Provided, That it is the intent of Congress that the court, in imposing sentence hereunder, should discriminate between casual or slight violations and habitual sales of intoxicating liquor, or attempts to commercialize violations of the law."

While if the point were presented we might concede this piece of legislation was illy conceived to accomplish the object desired, yet such is not the question here attempted to be presented. The constitutional validity of this act has been often presented to the courts of our country and too often upheld to now strike it down on the argument here presented by defendant in his brief. See Brady v. U. S. (C. C. A.) 39 F. (2d) 312; Ross v. U. S. (C. C. A.) 37 F. (2d) 557; U. S. v. Kent (D. C.) 36 F.(2d) 401. This provision of the act is merely permissive of a like power that resides in almost all criminal cases in our federal courts in which a maximum and minimum punishment is placed in the discretion of the trial court.

Finding no error in the record, the judgment is affirmed.

It is so ordered.